J-S24030-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK SCOTT MONGEAU | : | |
| | : | |
| Appellant | : | No. 134 EDA 2020 |

Appeal from the PCRA Order Entered December 19, 2019
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006068-2013

BEFORE: BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED AUGUST 11, 2020**

I join the Majority's opinion except the portion where it rules the PCRA court did not abuse its discretion in finding Appellant did not prove the merits of his ineffective-assistance-of-counsel claim because portions of the testimony of Officer Thomas Lundquist was admitted to explain the police investigation. I disagree, and I write separately to express my discontent with the way the police course-of-conduct rationale has swallowed the hearsay rule. However, I agree that the alternative reason to admit the evidence was permissible – *i.e.*, to show consistency with the victim's statements and the injuries observed by Officer Lundquist.

In the instant case, Officer Lundquist described statements the victim made to him when he responded to a call of a domestic in progress. Appellant objected to the testimony as hearsay, but the trial court overruled

*Retired Senior Judge assigned to the Superior Court.

the objection. Officer Lundquist then testified to victim's account of what had transpired between her and Appellant, including her accusation that Appellant had grabbed her by the neck and threw her to the ground. The trial court permitted this testimony, explaining that the Commonwealth did not admit the testimony for the truth of the matter asserted (*i.e.*, that Appellant grabbed her by the neck and threw her to the ground), but instead "to establish consistency between the victim's account and her physical condition and to explain the steps Officer Lundquist took to investigate the complaint." Trial Court Opinion, 2/24/2010, at 7 (citing Pa.R.E. 801(c)(2)). The trial court defended its decision simply by noting that out-of-court statements are admitted routinely to explain the course of police conduct and to show the information upon which police acted. **Id.** (citing **Commonwealth v. Weiss**, 81 A.3d 767, 606 (2013)). Without further analysis, the Majority agrees. Majority Memorandum at 7.

The trial court is correct that courts routinely admit out-of-court statements to explain police conduct, but that in of itself is not reason to admit such statements without further analysis. In every case police conduct an investigation, which leads law enforcement to conclude that the defendant is the culpable actor. In most cases, how law enforcement arrived at the conclusion is not relevant; what is relevant is the body of evidence they ultimately gathered to prove the conclusion. **See** Anne Bowen Poulin, **The Investigation Narrative: An Argument for Limiting**

*Prosecution Evidence*, 101 Iowa L. Rev. 683, 690 (Jan. 2016) (arguing courts wrongly "accord the prosecution license to present otherwise inadmissible evidence to develop the investigation narrative" of presenting the case through the bias of law enforcement, "rather than solely on the admissible evidence of the defendant's criminal activity"). Evidence to explain background of the investigation or police course of conduct typically has "negligible probative value" that is "overwhelmed by the risk of unfair prejudice." *Id.* Yet courts regularly admit prejudicial and otherwise inadmissible evidence under the guise that it is not admitted to prove the truth of the matter asserted, and simply to show the steps of the investigation, or to explain why police took a certain action. Courts permit this despite the Commonwealth's ability to explain the narrative of the case with less detail. 2 *McCormick on Evid*. § 249 (8th ed.) (discussing abuse of police course-of-conduct evidence and advocating for use of a general statement such as "an officer acted 'upon information received'"); 30B *Fed. Prac. & Proc. Evid.* § 6720 (2020 ed.) (noting that if there is a true need to show why police acted in a certain manner, the out-of-court statement should be "redacted or paraphrased to accommodate both the legitimate need for some explanation of why the police acted as they did and the critical need to protect the defense from damaging hearsay accusations").

Our Supreme Court has recognized the dangers of admitting evidence to explain police conduct.

It is, of course, well established that certain out-of-court statements offered to explain a course of police conduct are admissible. Such statements do not constitute hearsay since they are not offered for the truth of the matters asserted; rather, they are offered merely to show the information upon which police acted.

Nevertheless, it cannot be said that every out-of-court statement having bearing upon subsequent police conduct is to be admitted, for there is great risk that, despite cautionary jury instructions, certain types of statements will be considered by the jury as substantive evidence of guilt. Further, the police conduct rule does not open the door to unbounded admission of testimony, for such would nullify an accused's right to cross-examine and confront the witnesses against him.

***

Clearly, there is need for a balance to be struck between avoiding the dangers of hearsay testimony and the need for evidence that explains why police pursued a given course of action. This balancing process is governed by the sound discretion of the trial court, and, as with other evidentiary decisions, the trial court's decision will be upheld on appeal unless there has been an abuse of that discretion.

The challenged statements in the present case were of a most highly incriminating sort. They contained specific assertions of criminal conduct by a named accused, and, indeed, were likely understood by the jury as providing proof as to necessary elements of the crime for which appellant was being tried. …

In this case, the police easily could have explained the course of their conduct pertaining to the investigation and arrest of appellant … without resorting to the full and explicit statements given by [the out-of-court informant]. It is the prosecutor's duty to avoid the introduction of out-of-court statements that go beyond what is reasonably necessary to explain police conduct. Certainly, references to appellant's having purchased one pound of marijuana on the day prior to the attempted delivery of the fifteen pounds involved in this case could have been eliminated. The statements could have been attenuated in other ways, too, to lessen their prejudicial impact. Thus, an adequate explanation for police conduct could have been provided, while minimizing the introduction of statements

made by a person who was not under oath and who was not available for cross-examination.

It is certainly to be recognized that there is often a subtle, and elusive, difference between the use of statements to establish the truth of facts averred by one not in court and their use to establish a course of conduct by police. Further, in weighing the prejudice to the defense versus the prosecution's need for the challenged statements, the ambit of the trial court's discretion is to be preserved. In the present case, however, the statements were so highly incriminating, and the need for them in the form in which they were introduced was so lacking, that their admission cannot be sustained. Appellant is entitled to a new trial.

**Commonwealth v. Palsa**, 555 A.2d 808, 810-12 (Pa. 1989) (citations and footnotes omitted).

Despite our Supreme Court's cautions in **Palsa**, trial courts regularly permit course-of-conduct evidence without much scrutiny, and appellate courts routinely affirm. In my view, this practice should not stand, and it is a rare case where such evidence should be permissible. This case is not such a case.